# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ERIN NEILL, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>STARBUCKS CORPORATION, )<br>Serve Registered Agent: )<br>Prentice Hall Corp. System )<br>211 Bolivar Street )<br>Jefferson City, Missouri 65101 )<br>)<br>and )<br>)<br>DOUG BAYER, )<br>Serve at Place of Employment: )<br>6234 NW Barry Road )<br>Kansas City, Missouri 64154 )<br>)<br>      Defendants. ) | Case No. 11-CV-566<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff Erin Neill, by and through the undersigned counsel, and states and alleges as follows for her causes of action against defendants:

## INTRODUCTION

1. Plaintiff, while an employee of defendant Starbucks was subjected to unlawful discrimination and retaliation on the basis of her status as a disabled individual.

2. Plaintiff's confidential medical information was also disclosed to various other employees by defendant Bayer constituting an invasion of plaintiff's privacy.

3. Plaintiff seeks compensatory and punitive damages.

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff Erin Neill is and was at all times relevant to the allegations herein, a Missouri resident. At all times relevant herein plaintiff was a manager at the Barry Road location of Starbucks.

5. Plaintiff is disabled as defined under the Missouri Human Rights Act, and the Americans with Disabilities Act.

6. Defendant Starbucks is and was at all times relevant herein a Washington corporation that operated and conducted business in the State of Missouri.

7. Defendants are an "employer" within the meaning of the Missouri Human Rights Act and the Americans with Disabilities Act.

8. At all times relevant herein, each of defendant Starbucks' employees were agents, servants, and employees of defendant and were at all times relevant herein acting within the course and scope of their employment.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the claims herein arise under federal statute, the Americans with Disabilities Act. Jurisdiction of plaintiff's state law claims arise pursuant to 28 U.S.C. §1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial parts of the acts or omission giving rise to plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

11. Plaintiff began her employment with defendant Starbucks in approximately 2002. During the past 4 ½ years plaintiff has held the position of store manager. Plaintiff most recently held the position of store manager at the Barry Road location.

12. During all times relevant herein, plaintiff's direct supervisor was District Manager Doug Bayer. Defendant Bayer has been plaintiff's supervisor for approximately three years.

13. During plaintiff's employment she was never placed on a performance improvement plan until she became ill.

14. Plaintiff is a disabled individual in that she suffers from lupus and ITP, both of which are autoimmune disorders.

15. In May of 2010, plaintiff was forced to take an extended leave of absence as a result of her disabilities, and plaintiff was off work from May until July of 2010.

16. Plaintiff returned to work in her management position on or about July 12, 2010.

17. Approximately two days after returning to work, plaintiff was placed on a performance improvement plan by defendant Bayer.

18. This was the first time plaintiff had ever received a write up or performance improvement plan in her eight years of employment with defendant.

19. Plaintiff thereafter questioned the motivations of defendant Bayer in issuing the performance improvement plan.

20. Plaintiff additionally stated that she believed that the performance improvement plan issued, was discriminatory in nature and in retaliation for her taking time off due to her disability.

21. Plaintiff thereafter reported the discrimination and retaliation to defendant's corporate office.

22. Plaintiff continued in her position as manager and worked towards the goals set forth in the performance improvement plan.

3

23. Plaintiff was scheduled to have surgery related to her disabilities in October of 2010.

24. Prior to the scheduled surgery plaintiff was required to have three pre surgery vaccines. Plaintiff received an infection as a result of the vaccines and became extremely ill, requiring hospitalization.

25. Plaintiff requested that defendant Bayer assist her in finding a coverage for her upcoming shift as she was being hospitalized due to an infection.

26. At first defendant Bayer would not assist plaintiff. Plaintiff thereafter stated that he assisted others in finding substitutes on a regular basis and again requested that he assist her in finding a substitute for her shift.

27. Defendant Bayer thereafter emailed the other store managers under his supervision, and two other district managers, requesting coverage for plaintiff's shift.

28. In the email, which was sent to several employees, defendant Bayer disclosed that plaintiff was suffering from a staph infection, disclosing her private medical information to these individuals and co workers of plaintiff, which he had not been authorized to do.

29. Plaintiff thereafter reported the conduct to defendant's corporate headquarters and stated that she believed this disclosure was related to her disability and in retaliation for being absent from work as it related to her disability.

30. Following plaintiff's reports to corporate headquarters no remedial measures were taken and plaintiff was never informed of any disciplinary measures being imposed on defendant Bayer for his conduct.

4

31. Plaintiff has work related restrictions as it relates to her disability, and defendant has failed to reasonably accommodate plaintiff and/or attempted to displace plaintiff because of her disability and/or restrictions.

32. At all times relevant herein, the above referenced individuals were agents, servants, officers, administrators and employees of defendant and/or their actions were expressly authorized or ratified by defendant, thus making defendant liable for their actions under the doctrine of respondent superior.

## CONDITION PRECEDENT

33. Plaintiff filed a timely Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission. *A true and accurate copy is attached hereto as Exhibits A.*

34. Plaintiff received her Right to Sue Notice from both entities. *True and accurate copies of the notices are attached hereto as Exhibits B & C.*

35. This action is timely filed with the Court and plaintiff has met all conditions precedent to the filing of this action.

## COUNT I
## MHRA – Disability Discrimination
## (Against All Defendants)

36. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

37. By failing to treat plaintiff the same as other non disabled managers, and by refusing to reasonably accommodate and/or in attempting to displace plaintiff from her position as a manager of the Barry Road location, defendants engaged in conduct that is prohibited by the Missouri Human Rights Act, Mo. Rev. Stat. §213.010 *et seq.*

5

38. By placing plaintiff on a performance improvement plan following her return from medical leave defendants engaged in conduct that is prohibited by the MHRA.

39. Plaintiff suffered a tangible adverse employment action as a result of defendants' conduct in that she was placed on a performance improvement plan, not provided with reasonable accommodations, defendants attempted to displace plaintiff, and treated her less favorably than non disabled employees.

40. Defendants' conduct caused plaintiff emotional distress.

41. Defendants' treatment of plaintiff was punitive in nature and based upon plaintiff's status as a disabled individual.

42. Plaintiff's disability was a contributing factor in the conduct and action of defendants as discussed herein and constitutes prohibited discrimination.

43. Supervisory and administrative level employees knew or should have known of the discrimination based on plaintiff's disability but failed to appropriately address the problem, and further failed to implement effective and appropriate procedures to stop the discrimination.

44. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference for or conscious disregard for the rights of plaintiff, and therefore plaintiff is entitled to punitive damages from defendant, to punish defendant and deter others from like conduct.

45. At all times mentioned herein, the above referenced perpetrators were employees, supervisors, managers, agents, servants and employees of defendant and were at all such times acting within the course and scope of their employment, and/or

6

their actions were expressly authorized by defendant, thus making defendant liable for punitive damages under the doctrine of respondent superior.

WHEREFORE, plaintiff prays for judgment in her favor and against defendants on Count I of the Complaint, for a finding that she has been subjected to unlawful discrimination prohibited by Mo.Rev. Stat. §213.010, *et seq.*, for an award of compensatory and punitive damage, for her costs herein expended, for her reasonable attorneys fees and for such other relief as this Court deems just and proper.

## COUNT II
## MCHR – Retaliation
## (Against All Defendants)

46. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

47. Plaintiff engaged in a protected activity by taking time of related to her disability and also by reporting the discriminatory and retaliatory conduct of defendant Bayer following plaintiff's disability related leave.

48. Defendants retaliated against plaintiff by issuing a performance improvement plan upon her return to work.

49. Defendants retaliated against plaintiff by disclosing her medical information to other managers and employees of defendant Starbucks.

50. Defendants retaliated against plaintiff failing to accommodate plaintiff's restrictions and attempting to remove her from her management position at the Barry Road location.

51. Defendants' retaliation against plaintiff was intentional, willful, malicious and calculated and thus such conduct constituted willful violations of the law.

7

52. Defendants' retaliatory actions against plaintiff have caused her emotional distress.

53. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference and conscious disregard for the rights of Plaintiff, and therefore, plaintiff is entitled to punitive damages from defendants, to punish defendants and to deter defendants and others from like conduct.

54. At all times mentioned herein, before and after the above described perpetrators were agents, servants and employees of defendant Starbucks and were at all such times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by defendant Starbucks and/or their actions were ratified by defendant Starbucks, thus making defendant liable for said actions under the doctrine of respondent superior.

WHEREFORE, plaintiff prays for judgment against Defendants on Count II of the Complaint, for a finding that she has been subjected to unlawful discrimination prohibited by Mo.Rev. Stat. §213.010 *et seq.*, for an award of compensatory and punitive damages, for her costs expended, for her reasonable attorneys' fees, and for such other relief as this Court deems just and proper.

## COUNT III
## ADA - Disability Discrimination
## (Against All Defendants)

55. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

56. By failing to treat plaintiff the same as other non disabled managers, and by refusing to reasonably accommodate and in attempting to displace plaintiff from her

8

position as a manager of the Barry Road location, defendants engaged in conduct that is prohibited by the ADA.

57. By placing plaintiff on a performance improvement plan following her return from medical leave, defendants engaged in conduct that is prohibited by the ADA.

58. The conduct and actions of the above described perpetrators were done based on plaintiff's status as a disabled individual and constitutes discrimination.

59. Defendants treated plaintiff disparately compared to other employees based on her status as a disabled individual.

60. The conduct described herein would have detrimentally affected a reasonable person in plaintiff's position.

61. Management level employees knew or should have known of the disability discrimination but failed to address the problem, and further failed to implement effective and appropriate procedures to stop the discrimination.

62. Defendants' actions and conduct against plaintiff was intentional, willful, malicious, and calculated toward plaintiff and thus such conduct constitutes a violation of law.

63. Defendants' actions against plaintiff have caused her emotional distress.

64. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of plaintiff, and therefore plaintiff is entitled to punitive damages from defendants, to punish and deter defendants and others from like conduct.

65. At all times relevant herein, before and after, the above described perpetrators were agents, servants, and employees of defendant Starbucks and were at

9

all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by defendant Starbucks and/or their actions were ratified by defendant Starbucks, thus making defendant Starbucks liable for said actions under the doctrine of respondent superior.

WHEREFORE, plaintiff prays for judgment against defendants on Count III of the Complaint, for a finding that she has been subjected to unlawful discrimination prohibited by 42 U.S.C. §12101 *et seq.*; for and award of compensatory and punitive damages; for her costs expended, for her reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

## COUNT IV
### Invasion of Privacy
### (Against All Defendants)

66. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

67. On or about October 1, 2010, plaintiff informed her direct supervisor, defendant Bayer, that she needed to be hospitalized because had contracted staph infection following her pre surgery vaccinations.

68. Plaintiff requested that defendant Bayer assist her in finding coverage for her shift as he typically did for other employees.

69. At no point in time did plaintiff authorize defendant Bayer to disclose her private medical information.

70. At all times relevant herein, plaintiff considered her medical condition and information to be a private matter.

71. Defendant Bayer thereafter sent an email to several individuals who served as managers in his district, and whom were co workers of plaintiff, essentially stating that plaintiff needed her shift covered because she had staph infection.

72. The email was also sent to two other district managers, who based on information and belief, forwarded the email to the store managers under their supervision.

73. At no point in time did plaintiff consent to the disclosure of her medical information to the above identified individuals or anyone else.

74. As a result of the disclosure of plaintiff's private medical information, and more specifically disclosure that she had staph infection, plaintiff experienced embarrassment and humiliation.

75. The conduct described herein would have detrimentally affected a reasonable person in plaintiff's position.

76. The actions and conduct against plaintiff were intentional, willful, malicious, and calculated toward plaintiff and thus such conduct constituted willful violations of law.

77. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of plaintiff, and therefore plaintiff is entitled to punitive damages from defendants, to punish and deter defendants and others from like conduct.

78. At all times relevant herein, before and after, the above described perpetrators were agents, servants, and employees of defendant Starbucks and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by defendant Starbucks and/or their actions were

11

ratified by defendant Starbucks, thus making defendant Starbucks liable for said actions under the doctrine of respondent superior.

WHEREFORE, plaintiff prays for judgment against defendants on Count IV of the Complaint, for a finding that her privacy rights have been violated; for and award of compensatory and punitive damages; and for such other relief as this Court deems just and proper.

        HOLMAN SCHIAVONE, LLC

    By: */s/ Anne W. Schiavone*
        Anne W. Schiavone, MO Bar# 49349
        Kirk D. Holman, MO Bar# 50715
        4600 Madison Avenue, Suite 810
        Kansas City, Missouri 64112
        Telephone: 816.283.8738
        Facsimile: 816.283.8739
        Email: aschiavone@hslawllc.com
        Email: kholman@hslawllc.com

        ATTORNEYS FOR PLAINTIFF